IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TELAH M. THOMAS,

    Plaintiff,

v.

RUSS DARROW GROUP, INC.,          Case No: 26-CV-88-jdp

and

AUTOMAX FINANCIAL, LLC,

    Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Telah M. Thomas, by and through her attorneys, Fox & Fox, S.C., and as and for her cause of action against the Defendants, Russ Darrow Group, Inc. ("Russ Darrow"), and Automax Financial, LLC ("Automax") (collectively "Defendants") alleges and shows to the court as follows:

### NATURE OF THE ACTION

Thomas brings this action against Defendants alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq*. Defendants are a covered employer and Thomas was an eligible employee under the FMLA at all times relevant to this complaint. Defendants interfered with and retaliated against Thomas' exercise of her FMLA rights when Defendants terminated her employment because of her use of FMLA leave. Thomas seeks a permanent injunction against Defendants, reinstatement, lost wages, employment benefits, and other compensation, liquidated damages, costs, attorney's fees, and any other such relief the Court may deem appropriate.

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) and (d), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants have substantial and systematic contacts in this district.

## PARTIES

3. The Plaintiff, Thomas, is an adult resident of the State of Wisconsin with a residence located at 5162 Great Gray Drive, Madison, Wisconsin 53718.

4. The Defendant, Russ Darrow, is a domestic corporation, incorporated in Wisconsin. Russ Darrow's principal place of business is located at W133N8569 Executive Parkway, Menomonee Falls, WI 53051. The registered agent for service of process for Russ Darrow is Michael W. Darrow, W133N8569 Executive Parkway, Menomonee Falls, WI 53051.

5. The Defendant, Automax, is a domestic corporation, incorporated in Wisconsin. Automax's principal place of business is located at W133N8569 Executive Parkway, Menomonee Falls, WI 53051. The registered agent for service of process for Automax is Jimmy Lee, W133N8569 Executive Parkway, Menomonee Falls, WI 53051.

## STATEMENT OF FACTS & CLAIMS

6. Thomas began her employment at Defendants on or about September 25, 2023, as a collection representative and was promoted to a collections manager in or about March 2024.

7. Throughout her employment Thomas performed her job in a satisfactory manner.

8. Due to her own serious health condition, Thomas requested and was approved for FMLA leave on October 10, 2024.

9. At the time of her request for FMLA leave, Thomas was eligible for the full twelve weeks of FMLA leave, which would have extended through the remainder of 2024.

10. Defendants calculate FMLA eligibility on a calendar basis, which would have granted Thomas an additional twelve weeks of FMLA leave eligibility beginning on January 1, 2025.

11. As indicated in the FMLA certification paperwork, Thomas' health care provider estimated that Thomas would be able to return to work on October 31, 2024, but her ability to return to work depended on a re-evaluation by her health care provider on October 31st.

12. At her doctor's appointment on October 31st, Thomas' health care provider did not release her to return to work. Instead, Thomas' health care provider extended her need for FMLA leave until November 14th, subject to a re-evaluation at that time, which was approved by Defendants.

13. On November 14th, Thomas' health care provider extended her need for FMLA leave until November 28th, which was approved by Defendants.

14. On November 28th, Thomas submitted documentation from her health care provider indicating that she needed to remain on FMLA leave until December 27th.

15. On December 2nd, Deanna Deutsch ("Deutsch"), Director of Human Resources, informed Thomas that her FMLA would be exhausted on December 18th and that if Thomas was unable to return to work on that date, she would be placed on voluntary leave of absence, which would not protect her job with the company.

16. On December 18th, Deutsch sent email correspondence to Thomas acknowledging receipt of a note from Thomas' health care provider, which indicated that Thomas could return to work on a reduced schedule. In her email, however, Deutsch informed Thomas that although she may be able to extend her FMLA leave until December 23rd, Thomas could not return to work on a reduced schedule as she exhausted her FMLA leave on December 18th.

17. In response to questions from Thomas, Deutsch confirmed that Thomas' termination would be effective on December 18th.

3

18. Although Thomas was eligible and entitled to FMLA leave through the remainder of 2024 and beyond, Defendants terminated Thomas on December 18, 2024.

## CLAIMS FOR RELIEF

*(FMLA Interference and Retaliation in violation of 29 U.S.C. § 2615(a)(1) and (2))*

19. Thomas re-alleges and incorporates by reference all previous paragraphs, as if fully set forth herein.

20. Thomas is an eligible employee under the FMLA as she worked for Defendants for over one year, was employed for at least 1,250 hours of service, and worked for Defendants who employs more than 50 employees.

21. Thomas' medical conditions qualified as a serious health condition.

22. Thomas put Defendants on actual notice of her need for FMLA leave.

23. By terminating her employment because Thomas had requested and used FMLA leave, Defendants retaliated, interfered with, restrained, and denied the exercise of Thomas' rights as provided by the FMLA, 29 U.S.C. § 2615(a)(1) and (2), and 29 U.S.C. § 825.220(1).

24. As a result of the aforementioned willful violations of the FMLA, Thomas is entitled to reinstatement, payment of lost wages and benefits, and an additional, equal amount as liquidated damages, 29 U.S.C. § 2617(a)(1).

25. Pursuant to FMLA, 29 U.S.C. § 2617(a)(3), Thomas is also entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting a FMLA action.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grant Thomas the following relief:

A. Issue an Order granting a permanent injunction against Defendants and its officers, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which interferes and retaliates against employees for taking leave under the FMLA;

B. Issue an Order directing and requiring Defendants to institute and carry out policies, practices, and programs which provide proper observation of the provisions of the FMLA and which eradicate the effects of its past and present unlawful employment practices;

C. Issue an Order directing and requiring Defendants to reinstate Thomas in her previous position, with seniority, at the same pay grade as Thomas was previously receiving;

D. Issue an Order directing and requiring Defendants to make Thomas whole by providing adequate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Issue an Order directing and requiring Defendants to pay Thomas liquidated damages pursuant to the FMLA in an amount equal to, and in addition to the amount of back pay amount owed to her;

F. Issue an Order directing and requiring Defendants to reimburse Thomas for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

G. Issue an Order granting such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Dated at Monona, Wisconsin this 5th day of February 2026.

Respectfully submitted:

**FOX & FOX, S.C.**
ATTORNEYS FOR PLAINTIFF

/s Christopher M. Kloth
SBN: 1061498
124 W. Broadway
Monona, WI 53716
T: 608/258-9588
F: 608/258-9105
ckloth@foxquick.com

5